

FILED

OCT 28 2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SCHINDLER ELEVATOR CORP., | Case: 1:20−mc−00106 |
| | Assigned To : Unassigned |
| Plaintiff, | Assign. Date : 10/28/2020 |
| | Description: Misc. |
| v. | Civil Action No. 20-cv- |
| WASHINGTON METROPOLITAN AREA | Chief Judge Beryl A. Howell |
| TRANSIT AUTHORITY, | |
| Defendant. | |

## ORDER

Pending before the Court is plaintiff Schindler Elevator Corporation's Motion to Seal the

Complaint in this action together with eight exhibits attached to the Complaint and plaintiff's

Memorandum of Points and Authorities in Support of its Motion for a Temporary Restraining

Order and Preliminary Injunction ("Pl.'s PI Mem."). Pls.' Mot. to Seal ("Pl.'s Mot.") at 1. [1]

Plaintiff's motion seeks to seal the Complaint and other filings because they contain, "in part,

highly sensitive, confidential, trade secret and competitive business information." Pl.'s Mot. at

2. This motion is denied.

## I.     LEGAL STANDARD

"The starting point in considering a motion to seal court records is a strong presumption

in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973,

980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C.

Cir. 1996)). The six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293

---

[1] The Chief Judge is tasked with "hear[ing] and determin[ing] . . . motions in any case not already assigned" including "motion[s] to seal the complaint." *See* LCvR 40.7(f). *See also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

(D.C. Cir. 1980), courts should consider in determining whether the presumption in favor of open access may be overcome include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)); *see also Leopold v. United States*, 964 F.3d 1121, 1129–30 (D.C. Cir. 2020) (explaining that unless "Congress has spoken directly to the issue at hand," the "common-law standard enshrined in the *Hubbard* balancing test" governs "[]sealing decisions" (internal quotation marks omitted) (quoting *Metlife*, 865 F.3d at 669)).  In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake."  *Metlife*, 865 F.3d at 666.

## II.    DISCUSSION

The complaint plaintiff asks to seal challenges Washington Metropolitan Area Transit Authority's ("WMATA") denial of plaintiff's protests in a procurement for construction services where WMATA rejected plaintiff's bid.  Compl. ¶ 1.  According to plaintiff, the Complaint, attached documents, and a memorandum in support of a motion seeking declaratory and injunctive relief must be sealed because they contain "confidential, proprietary, and trade secret information unique to Schindler's business."  Pl.'s Mem. in Supp. of Mot. to Seal ("Pl.'s Mem.") at 4.  Even though the Complaint contains relatively little of this information, plaintiff argues that it must be sealed because it "necessarily references" and quotes from plaintiff's bid proposal

and other documents containing confidential, trade secret, and competitive business information. *Id.* at 3.

Although plaintiff's memorandum discusses the relevant *Hubbard* factors, *see id.* at 2–6, its conclusory statement that "there is no need for public access" to the Complaint, *id.* at 4, fails to acknowledge the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). The default is that the Complaint be filed publicly. No sufficient reason has been offered by plaintiff as to why that default should not apply here. The public obviously has an interest in alleged problems with the bid processes employed by a government agency, and plaintiff's arguments against access apply only to small portions of the Complaint.

Plaintiff may have significant interests in keeping confidential some of the information contained in the Complaint, but any concern plaintiff has with the revelation of "proprietary and confidential business information," Pls.' Mem. at 6, can be addressed by submitting an amended Complaint with such information described in more general terms. Plaintiff has explained that the Complaint references the bid proposal and communications with WMATA, *see id.* at 3, but has not identified precisely what information is so sensitive that it must be protected. Moreover, plaintiff has not demonstrated that proprietary or confidential business information must be included in the Complaint itself, as opposed to relegated to sealed exhibits, to meet the requisite "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(b)(2) (describing what a pleading that states a claim for relief must contain).

In support of its motion to seal, plaintiff largely relies on a line of cases before the United States Court of Claims for the proposition that "in bid protest appeals, such as this one, courts consistently seal filings to prevent substantial harm and competitive advantage in the subject procurements and to protect the proprietary and confidential information of offerors." Pl.'s Mem. at 2 (citing *Coastal Int'l Sec., Inc. v. United States*, 93 Fed. Cl. 502, 523 (2010); *Lynxnet, LLC v. United States*, 119 Fed. Cl. 226, 232 (2014); *Level 3 Commc'ns, LLC v. United States*, 129 Fed. Cl. 487 (2016); *T.W. Laquay Marine, LLC v. United States*, 127 Fed. Cl. 748, 753 (2016)). While these bid protest appeals were filed under seal, the opinions cited by plaintiff do not address the reasoning underlying the decision to allow the cases to proceed under seal. The mere fact that a court outside this jurisdiction, not subject to *Hubbard* prerequisites for the sealing of court filings and applying an unknown legal standard, granted motions to seal complaints in roughly similar cases is not persuasive before this Court. Furthermore, the fact that these lightly-redacted opinions were published with the consent of the parties suggests that it should be feasible for plaintiff to craft a publicly available complaint.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Seal is **DENIED**; and it is further

**ORDERED** that the Clerk is directed not to file the plaintiff's Complaint until plaintiff submit notice that plaintiff seeks to proceed with filing the Complaint on the public docket.

**SO ORDERED.**

Date: October 28, 2020

_____
BERYL A. HOWELL
Chief Judge